# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| NELSON RIVAS, <br><br> Petitioner, <br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. 17-CV-793-JPS <br><br><br> **ORDER** |

On June 2, 2017, Petitioner filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket #1). According to Rule 4 of the Rules Governing Section 2255 Proceedings,

> [i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing § 2255 Proceedings. Petitioner is plainly not entitled to relief and so his motion must be denied.

In 1992, Petitioner was found guilty of various robbery and firearms charges. (Docket #1 at 2). He was sentenced to life imprisonment in 1992. *Id.* Prior to the instant motion, Petitioner had filed three motions pursuant to Section 2255. *Rivas v. United States*, 01-CV-732-RTR (E.D. Wis.); *Rivas v. United States*, 12-CV-1177-RTR (E.D. Wis.); *Rivas v. United States*, 14-CV-732-RTR (E.D. Wis.).

Petitioner's motion must be dismissed as "second or successive." 28 U.S.C. 2255(h). As the Seventh Circuit explains,

> [u]nder the Anti–Terrorism and Effective Death Penalty Act ("AEDPA"), prisoners are entitled to a single unencumbered opportunity to pursue collateral review. The AEDPA prohibits prisoners from filing a second or successive § 2255 motion unless they obtain certification to do so from the court of appeals. See 28 U.S.C. § 2255(h).

*Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). The Court lacks jurisdiction to entertain an unauthorized second or successive Section 2255 motion. *Curry v. United States*, 507 F.3d 603, 604-05 (7th Cir. 2007). Petitioner has not provided a certification from the Court of Appeals authorizing the instant motion. His motion must, therefore, be dismissed.[1]

Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Petitioner must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states a valid claim of the denial of a constitutional right"

---

[1] Petitioner cannot claim surprise at this ruling. He was notified of the certification requirement in 2013 by the Court of Appeals. *Rivas v. United States*, 12-CV-1177-RTR (E.D. Wis.) (Docket #14).

and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Court discussed above, reasonable jurists would not debate whether Petitioner's motion should have been resolved in a different manner. As a consequence, the Court is further compelled to deny a certificate of appealability as to Petitioner's motion.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability as to Petitioner's motion (Docket #1) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 18th day of December, 2017.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge